IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONAH MICHAEL MARKER,

                 OPINION AND ORDER

      Plaintiff,

                   17-cv-467-bbc

  v.

SGT. CHAUSE, JOHN DOE 1
and JOHN DOE 2,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Pro se plaintiff and prisoner Jonah Michael Marker has filed a complaint about an alleged "pat search" of his person that occurred in February 2017 at the Stanley Correctional Institution, which is located in Stanley, Wisconsin. Plaintiff has made an initial partial payment of the filing fee, as required by 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening under 28 U.S.C. § 1915(e)(2) and § 1915A.

  Plaintiff alleges that, on February 10, 2017, defendant Sgt. Chause asked plaintiff to exit his cell and put his arms behind his back. Chause placed handcuffs on plaintiff and subjected him to a pat down search. (Plaintiff does not say why this was occurring and he does not discuss any events that occurred before Chause asked him to exit his cell.) During the search, Chause "touched [plaintiff's] penis."

  Plaintiff does not provide any other details about what happened during the search, but he says that he spoke to both an investigator ("Mrs. Reimer") and a captain ("Captain

1

Eslinger") about the incident. The investigator asked plaintiff whether the incident "was just an accident," but plaintiff says that "[t]here's no way you can just accidentally touch someone's penis." After reviewing a video of the incident, the captain "admitted that Sgt. Chause did inappropriately pat search" plaintiff, but the captain "didn't see it as PREA."

Plaintiff does not include a legal theory in his complaint, but he refers repeatedly to "PREA," which is the Prison Rape Elimination Act, suggesting that plaintiff believes that Chause's conduct was a sexual assault. Although the Act does not create a private cause of action, Garness v. Wisconsin Dept. of Corrections, No. 15-cv-787-bbc, 2016 WL 426611, at *2 (W.D. Wis. Feb. 3, 2016), the Eighth Amendment to the United States Constitution protects prisoners from some types of sexual misconduct. For example, a bodily search may violate the Eighth Amendment if the search or the manner in which it is conducted shows a desire to harass, humiliate and cause the prisoner psychological pain. King v. McCarty, 781 F.3d 889, 897 (7th Cir. 2015).

Because plaintiff does not say anything about what led up to the search, I do not understand him to be challenging the decision to search him. Rather, I understand him to be alleging that defendant Chause violated his rights by "touch[ing] [his] penis."

Plaintiff's allegations do not state a claim under the Eighth Amendment because plaintiff provides no basis from which it can be plausibly inferred that Chause was trying to harass or humiliate him. Firestone Financial Corp. v. Meyer, 796 F.3d 822, 826 (7th Cir. 2015) (to state a claim, "a complaint must allege 'sufficient factual matter to state a claim to relief that is plausible on its face") (internal quotations omitted). Not every unwanted

touch of a prisoner by an officer violates the prisoner's rights, even if that contact involves the prisoner's genitals. Perales v. Bowlin, 644 F. Supp. 2d 1090, 1098 (N.D. Ind. 2009) ("That a female officer touches a male prisoner during a pat-down search, by itself, states no claim upon which relief can be granted even if the touching is in the groin area."). As other courts have recognized, when an officer is searching a prisoner for contraband, incidental contact with the prisoner's body may occur. Timm v. Gunter, 917 F.2d 1093, 1100 (8th Cir. 1990) ("[T]raining [for correctional officers] does not include instruction to deliberately search an inmates' genital and anal areas, although an incidental touching of such areas may occur during the search.").

In this case, plaintiff's allegation that defendant Chause "touched [his] penis" is too vague to provide fair notice or state a plausible claim. The word "touch" could mean anything from brushing against plaintiff with the back of Chause's hand to groping and fondling plaintiff. Further, plaintiff does not say whether Chause touched him over his clothes or under them; how long the touching lasted; or whether Chause said or did anything else during the search that would help show Chause's intent. All of these factors are relevant to a determination whether plaintiff has stated a claim under the Eighth Amendment. Although plaintiff says that Captain Eslinger agreed that Chause's conduct was "inappropriate," there is a difference between "inappropriate" and "unconstitutional." Without additional information regarding *why* Eslinger believed that Chause acted inappropriately, Eslinger's statement is not helpful. Accordingly, I will give plaintiff an opportunity to amend his complaint to provide more information, if he has it.

Before closing, I will address some other issues raised in the complaint. First, plaintiff includes two "John Doe" defendants in the caption of his complaint, but it is not clear why. Plaintiff does not allege that anyone else was involved in the pat down search, even as an observer. Although plaintiff discusses other prison officials in his complaint, he identifies all of them by name; he does not refer to anyone as a John Doe in the body of his complaint. If plaintiff wishes to maintain a claim against the two unnamed defendants, he should explain in his amended complaint why he is suing them and what they did to violate his rights.

Second, plaintiff discusses events that occurred after the search, but I do not understand him to be raising separate claims about those issues because he does not name as defendants any of the officials he discusses. If plaintiff did intend to bring additional claims, I could not allow plaintiff to proceed on them. For example, plaintiff says that officials refused for two months to give him the name of the officer who searched him. Perhaps if plaintiff had been unable to learn Chause's identity before the expiration of his statute of limitations, plaintiff could bring a claim for a denial of his right to have access to the courts. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (in access to courts claim, "the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought"). However, plaintiff does not identify any harm caused by the two-month delay, so I see no potential constitutional violation.

Plaintiff also seems to be dissatisfied with the way that prison officials responded

4

when he complained about defendant Chause's conduct. Regardless whether other officials could have been more helpful or sympathetic, they cannot be held liable for failing to take corrective action for a constitutional violation that occurred in the past. The Constitution requires prison officials to protect prisoners from known risks of serious harm, e.g., Farmer v. Brennan, 511 U.S. 825 (1994), but the Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened. Whitlock v. Brueggemann, 682 F.3d 567, 588-89 (7th Cir. 2012); Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002).

ORDER

IT IS ORDERED plaintiff Jonah Michael Marker's complaint is DISMISSED WITHOUT PREJUDICE for his failure to provide fair notice of his claim. Plaintiff may have until August 15, 2017, to file an amended complaint that fixes the problems discussed in this order. If plaintiff does not respond by August 15, 2017, I will dismiss the complaint with prejudice, record a "strike" in accordance with 28 U.S.C. § 1915(g) and direct the clerk of court to enter judgment.

Entered this 26th day of July, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge