IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONAH MICHAEL MARKER,

                        Plaintiff,

    v.

SGT. CHAUSE,

                        Defendant.

OPINION AND ORDER

17-cv-467-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Jonah Marker is proceeding on a claim that defendant Chause conducted a patdown search of him in a harassing manner, in violation of his rights under the Eighth Amendment. Now before the court is defendant's motion to dismiss the case with prejudice. Dkt. #25. For the reasons stated below, the motion will be granted.

OPINION

Defendant contends that plaintiff failed to appear for his deposition on July 10, 2018 and that defense counsel has not received any communication or correspondence from plaintiff since that time. In addition, the Department of Corrections offender locator website lists plaintiff as "absconded," which the website defines as "status indicating an offender who is under active community supervision but has stopped reporting to his or her

1

supervising agent. The offender's current whereabouts are unknown." https://appsdoc.wi.gov/lop (visited Aug. 9, 2018). Therefore, defendant is moving to dismiss this case under the fugitive disentitlement doctrine and for plaintiff's failure to prosecute his case. I agree that this case should be dismissed under the fugitive disentitlement doctrine.

"The fugitive disentitlement doctrine is a discretionary device by which courts may dismiss criminal appeals or civil actions by or against individuals who are fugitives from justice." Gutierrez-Almazan v. Gonzales, 453 F.3d 956, 957 (7th Cir. 2006) (citing Sarlund v. Anderson, 205 F.3d 973, 974 (7th Cir. 2000)). See also Colorado v. Platteville Police Department, 2008 WL 3669079, at *2-3 (W.D. Wis. Apr. 21, 2008) (considering same). Because the doctrine is discretionary, it "does not automatically disqualify a fugitive from justice from maintaining an action in federal court." Sarlund, 205 F.3d at 974. The doctrine is viewed as "an equitable one [that] rests upon the power of the courts to administer the federal courts system." Pesin v. Rodriguez, 244 F.3d 1250, 1252–53 (11th Cir. 2001) (citing Ortega-Rodriquez v. Unites States, 507 U.S. 234, 244 (1993)).

In applying the doctrine, a court should be guided by pragmatic considerations. Gutierrez-Almazan, 453 F.3d at 957 (citing Degen v. United States, 517 U.S. 820 (1996)). The core consideration is whether a party's actions have made enforcement of an adverse judgment impossible. Id. For example, in Sarlund, 205 F.3d at 975, application of the doctrine by the Court of Appeals for the Seventh Circuit led to dismissal of the plaintiff's 42 U.S.C. § 1983 suit because "[his] fugitive status place[d] him entirely beyond judicial control, thus creating a situation severely prejudicial to his adversaries[,]" that is, "he [could

2

not] be deposed by defendants or made to pay costs (should he lose) or attorneys' fees." The court went on to note that dismissal of the case was the only way to prevent the plaintiff from using the litigation process "to harass the defendants with impunity." Id.

Plaintiff is a fugitive from justice because he has absconded. Plaintiff has not communicated with this court since May 9, 2018, failed to show up for a scheduled deposition on July 10, 2018 and did not communicate with defense counsel after that time and did not file a response to defendant's motion to dismiss. Plaintiff's status as a fugitive from justice has placed him entirely beyond judicial control and created a situation that is severely prejudicial to defendant. Colorado, 2008 WL 3669079, at *2 (finding same). He cannot be deposed or provide other responses to discovery necessary to allow defendant to investigate the claim against him. Id. Additionally, permitting plaintiff to continue this lawsuit while he is a fugitive would permit him to reap the benefits of a judicial system, the orders of which he has continued to disrespect by avoiding custody. E.g., Pesin, 244 F.3d at 1253. Accordingly, plaintiff's fugitive status has disentitled him from using this court to determine his claim. Therefore, I will dismiss plaintiff's lawsuit with prejudice in accordance with the fugitive disentitlement doctrine.

ORDER

IT IS ORDERED that defendant Sgt. Chause's motion to dismiss this case with prejudice, dkt. #25, is GRANTED in accordance with the fugitive disentitlement doctrine. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 9th day of August, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge